Brinkerhoff, J.
On the 13th of January, 1855, the defendants executed to the plaintiff their promissory note of that date for fifty dollars, payable in one year from date. Suit was brought and judgment recovered on the note before a justice of the *266 peace, and from thence the case was appealed to the common pleas.
To the plaintiff’s petition, in ordinary form, on the note, John Campbell, one of the defendants, and principal in* said note, answered:
1. “ That said note, upon which this suit is brought, was given without any legal consideration.
2. “ That said note was given by defendant to plaintiff for the support and maintenance of a bastard child, with which she, the said plaintiff, was then pregnant, and for which she had procured the defendant’s arrest as the father of said child; that said note, together with other notes, were given, and the said plaintiff refused to prosecute said complaint for bastardy any farther, and that, thereupon, the justice of the peace before whom said complaint was made, rendered a judgment of nonsuit against the said plaintiff. That no memorandum of said agreement was entered by said justice of the peace upon his docket, and no bond was given by the defendant for the support or maintenance of said bastard child, or that said bastard child shall not become a township charge upon any township in this state. That said defendant was not discharged from liability to a further prosecution, or another prosecution, on account of said charge of bastardy.
3. “ That said note was given for the maintenance and support of a bastard child with which the plaintiff was then, to wit, at the time of giving said note, pregnant; that said bastard child died a few days after birth; that no expenses were incurred in the support of said child; and that the consideration for which said note was given, has failed.”
To the second and third of the supposed defenses in this answer contained, the plaintiff demurred, on the ground that they do not state facts sufficient to constitute a defense to the action.
*267 On hearing, the court below overruled the demurrer; and, a jury being waived, and the case having been submitted to the court for trial of the issues of fact made by the answer, this is the finding of the court, as appears by the record: “ That the matters and things contained in the petition of the plaintiff are untrue, and that the said defendants are not indebted to the said plaintiff' as is therein alleged.”
It is assigned for error, that the court below erred in overruling tbe plaintiff’s demurrer to tbe second and third defenses set up in tbe answer, and in giving judgment for tbe defendants.
Tbe court below, in finding tbe “ matters and things contained in tbe petition untrue,” found what was not put in issue by the pleadings. Tbe answer did not ‘deny any fact stated in tbe petition, but set up new matter in avoidance of tbe cause of action stated in tbe petition. “ Every material allegation of tbe petition, not controverted by tbe answer, shall, for tbe purposes of tbe action, be taken. as true.” Code, sec. 127. There being, therefore, no finding as to tbe truth of tbe answer, and only a finding, contrary to tbe admission of the defendants, conclusively presumed from tbe silence of tbe answer, that tbe petition was untrue, it would seem that tbe judgment is erroneous for want of any determination of tbe issues actually made in the"pleadings; unless, indeed, we bold tbe subsequent finding, that tbe defendants are not indebted to tbe plaintiff, is a sufficient finding “ generally for tbe defendants ” under tbe 280tb section of tbe code. But' these questions, arising, probably, from inadvertence in making up tbe journal, are not made by counsel for plaintiff, and we therefore pass them over, and proceed to consider whether there was error in overruling the plaintiff’s demurrer to tbe second and third defenses, set up in tbe answer. And,
1st. As to tbe second defense set up in tbe answer. In it, tbe defendant who answers, does not deny that be is tbe father of tbe child of which tbe plaintiff was pregnant; *268 admits that he was in custody on the charge of being its father; and, by fair implication, also admits that he gave the note sued on, with other notes, in pursuance of an agreement then made with the plaintiff' for the compromise and abandonment by her of the prosecution under which he was then in custody. But he claims to be absolved from the performance of his part of the agreement, for the reasons that such agreement was not acknowledged by the parties in the presence of the justice, and entered on his docket, and that no bond was given conditioned that the child should not become a township charge, in the mode the statute prescribes.
This presents the question whether the plaintiff is to be held responsible for the laches of the justice, or of the defendant himself, or both. If the plaintiff had been called on to acknowledge the agreement in presence of the justice, it does not appear but that she would have cheerfully complied; if she had power to cause the proper docket entry to be made, surely he had at least equal power in the premises; and it was he, and not she, who was under obligations to furnish the bond which the statute prescribes. So far as appears, she was guilty of no laches whatever; and we are not inclined to hold her responsible for the neglect of official duty by the justice on the one hand, nor to permit the defendant to take advantage of his own wrong on the other. It is alleged, that this compromise, not being perfected in conformity with the requirements of the statute, would be no bar to another prosecution. How this may be, we are not required to determine. It is very clear, however, that in case another prosecution were to be commenced, and could be maintained, the court adjudicating upon it, and which would have ample discretion as to the amount to be assessed upon the defendant, ought to, and would, make due allowance for any contribution which the defendant might have voluntarily made, or obligated himself to make, towards the fulfillment of a duty which his own acts had imperiously imposed.
*269 2. As to the third defense set up in the answer. This defense is, that “the child died in a few days after birth, and that no expenses were incurred in the support of said child.” This defense contradicts itself. We live in a civilized and Christian state, and it is not a violent presumption, that when a woman gives birth to a child, she has the ordinary attentions which her condition requires, including the services of a midwife or a physician; that when a child is born and lives “ a few days,” it is clothed; and that when it dies, it is coffined and buried. And all this involves a necessary and proper expenditure quite sufficient to constitute a good consideration in law.
Eair and honorable compromises between parties, perhaps equally guilty, who are about to become the parents of illegitimate offspring, are not only dictated by sentiments of honor and duty, but are in entire harmony with the policy of our statutes. And had there never been any prosecution in this case, and, without the pressure of a prosecution, the defendant had voluntarily come forward and executed these notes, they would have been, as they now are, good in law, because based on the consideration of not only a moral, but also a legal obligation to provide, to some extent, for the expenses and support of both mother and child.
The amount which the father should pay and the mother should receive, was a proper subject-matter for negotiation and agreement; and no circumstance of fraud appearing in the case, and no coercion other than such as the law sanctions, we see no reason why he should be absolved from the obligations which, by contract, he has assumed.
Doubtless there might have been a contract so framed between the parties, that payments to be made by the father should cease at the death of the child; but no such contract is disclosed in the case before us. Eor aught that appears in the case, the contract was unconditional and absolute; she taking upon herself the risk that the sup *270 port of the child might cost more than she was to receive, and he taking upon himself the risk of its costing less than he was to pay.
Judgment reversed, and cause remanded for further proceedings.
Swan, Scott and Sutliff, JJ., concurred.